UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAKIR DEVELOPMENT & CONSTRUCTION, LLC; CUMBERLAND POINT APARTMENTS, LLC; CUMBERLAND POINT APARTMENTS II, LLC; RUBINA SHAKIR; and SOHAIL A. SHAKIR, <br><br> Plaintiffs, <br><br> vs. <br><br> FLAHERTY & COLLINS CONSTRUCTION, INC.; FLAHERTY & COLLINS, INC.; FLAHERTY & COLLINS PROPERTIES; DAVID M. FLAHERTY; and JERRY K. COLLINS, <br><br> Defendants. | 11 C 1116 <br><br> Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shakir Development & Construction, LLC, Cumberland Point Apartments, LLC, Cumberland Point Apartments II, LLC, Rubina Shakir, and Sohail A. Shakir brought this action in the Circuit Court of Cook County against Defendants Flaherty & Collins Construction, Inc., Flaherty & Collins, Inc., Flaherty & Collins Properties, David M. Flaherty, and Jerry K. Collins, alleging fraud, breach of contract, tortuous interference with contract and prospective economic advantage, and unjust enrichment. The suit concerns an apartment complex in Noblesville, Indiana. The complaint alleges that the parties entered into two agreements, a construction agreement and a management agreement, under which Defendants would construct and manage the apartment complex for Plaintiffs. The complaint further alleges that Defendants breached the agreements and committed various frauds and other misconduct during the course of the parties' relationship.

-1-

The two individual defendants reside in Indiana and are Indiana citizens, while the entity defendants are Indiana corporations with their principal place of business in Indiana. The two individual plaintiffs reside in Illinois and are Illinois citizens; the entity plaintiffs are Indiana limited liability companies located in Indiana, but they are Illinois citizens for diversity purposes because their sole member is Sohail Shakir, one of the individual plaintiffs and an Illinois citizen. Defendants timely and properly removed this action on diversity grounds, and have moved pursuant to 28 U.S.C. § 1404 to transfer the proceedings to the Southern District of Indiana, which encompasses Noblesville. The motion is granted.

The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating that a transfer is warranted under § 1404(a). *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Transfer is appropriate if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998); *see also Research Automation, Inc. v. Schrader-Bridgeport, Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). Venue indisputably is proper in both this District and the Southern District of Indiana, so only the convenience of the parties and witnesses and the interest of justice need be considered.

When evaluating convenience, the following factors are relevant: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *Law Bulletin*

*Publ'g*, 992 F. Supp. at 1017. These factors, considered together, weigh heavily in favor of Southern District of Indiana.

The first factor is essentially a wash. Although the Northern District of Illinois is not precisely the forum of Plaintiffs' choice because they filed this suit in state court, *see ITS Fin., LLC v. Advent Fin. Servs., LLC*, 2010 WL 3603907, at *2 (S.D. Ohio Aug. 23, 2010); *Deist v. Wash. Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005), Plaintiffs plainly prefer this District—whose Chicago courthouse lies a mere four city blocks from the main Cook County courthouse—to the Southern District of Indiana. That preference is entitled to some, though not much, consideration. *See Myers v. Lennar Corp.*, 2010 WL 1992200, at *3 n.1 (E.D.N.Y. May 17, 2010); *Estate of Faye v. Mathis*, 2010 WL 569663, at *1 (W.D. Ky. Feb. 2, 2010). The minimal consideration that preference deserves is diminished even further because a plaintiff's "choice of forum has only 'minimal value where none of the conduct occurred in the forum selected by the plaintiff.'" *Wright v. UDL Labs., Inc.*, 2011 WL 760067, at *3 (N.D. Ill. Feb. 24, 2011) (quoting *Chicago Rock Island & P. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955)). Here, Defendants' alleged misconduct occurred in Indiana—Defendants performed the construction and management agreements in Indiana, the written fraudulent statements were mailed from Indiana; and the oral fraudulent statements were made in face-to-face meetings in Indiana. Doc. 1-1 at ¶¶ 18-24. And Defendants submitted an uncontroverted affidavit averring that the written statements mailed from Indiana were delivered not to Illinois, but to Plaintiffs' office in Noblesville or to their attorney in Indianapolis.

The second factor, the location of material evidence, strongly favors transfer. The apartment complex is located in Indiana. *See Omnisource Corp. v. Sims Bros., Inc.*, 2008 WL 2756345, *5 (N.D. Ind. July 14, 2008) ("The location of the property at issue is … considered

when determining whether to transfer an action."). The services required by the construction and management agreements were performed in Indiana. *See Cont'l Cas. Co. v. Staffing Concepts, Inc.*, 2009 WL 3055374, at *4 (N.D. Ill. Sept. 18, 2009) ("the situs of material events include the location of performance or non-performance under the contract"). Defendants submitted an uncontroverted affidavit averring that the agreements were negotiated and executed in Indiana. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) (situs of events in contract dispute is location where negotiation and execution of agreements took place). Finally, as noted above, the alleged fraudulent statements were made and conveyed entirely within Indiana. *See Allstate Ins. Co. v. Mathison*, 2002 WL 1396951, at *5 (N.D. Ill. June 26, 2002) (situs of fraud is where representations are made).

The third factor, the location of relevant proofs, has little weight. Much of the relevant evidence consists of documents, and the "location of pertinent documents [does] not militate for or against transfer" because of the "ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country." *Morris v. Am. Bioscience, Inc.*, 2004 WL 2496496, at *3 (N.D. Ill. Nov. 3, 2004) (internal quotation marks omitted).

The fourth and fifth factors, the location and convenience of parties and witnesses, favor transfer. This may seem an unlikely conclusion at first blush, given that the individual plaintiffs reside in Illinois. *See Law Bulletin Publ'n*, 992 F. Supp. at 1019 (transfer inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for the other party"). But "[o]ne consideration in the convenience of the parties analysis is the cost parties must incur in making their employees available for deposition and trial." *Orthoflex, Inc. v. Thermotek, Inc.*, 2010 WL 5069700, at *4 (N.D. Ill. Dec. 3, 2010). Defendants note, without contradiction, that all their employees who were involved in negotiating the agreements are located in Indiana, as

are the attorney and broker who represented Plaintiffs during the negotiations. Defendants also identified, again without contradiction, other potential witnesses located in Indiana, including subcontractors, architects, and engineers who performed work at the apartment complex, and employees of the title company and loan officers who were present when the alleged misrepresentations occurred. Plaintiffs identified no Illinois witnesses other than themselves, and having formed Indiana entities located in Indiana to do real estate business in Indiana, they cannot complain with much force about the inconvenience of an Indiana forum. By contrast, the potential disruption to Defendants of requiring their employees to travel to Illinois to testify and, more significantly, the interests of the third-party witnesses strongly favor an Indiana forum.

When evaluating the interest of justice, the following factors are relevant: (1) the speed at which the case will proceed to trial; (2) each court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy. *See Research Automation*, 626 F.3d at 978; *Heller Fin.*, 883 F.2d at 1293. These factors strongly favor transfer.

The first factor deserves no weight under the circumstances. Defendants contend that because a greater number of cases are pending in the Northern District of Illinois, this litigation will proceed faster in the Southern District of Indiana. Although Plaintiffs once again fail to respond, Defendants' argument is patently meritless—the Northern District of Illinois may have a larger caseload, but it also has more judges to handle that caseload.

The second factor, familiarity with the applicable law, favors transfer. The choice-of-law provision in the management agreement calls for the application of Indiana law, and Defendants argue—without contradiction from Plaintiffs, who thus forfeit the point—that choice-of-law principles dictate that Indiana law governs interpretation of the construction agreement and the

common law tort claims. Because judges in the Southern District of Indiana are more familiar with Indiana law than a judge in the Northern District of Illinois, the Southern District of Indiana is the favored forum. *See Research Automation*, 626 F.3d at 978; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008); *Sutherland v. Cybergenics Corp.*, 907 F. Supp. 1218, 1223 (N.D. Ill. 1995).

The third and fourth factors, the desirability of resolving controversies in each locale and the relation of each community to the controversy, strongly favor the Southern District of Indiana. Because the apartment complex is located in Indiana, the parties conducted business in Indiana, the agreements were negotiated and executed in Indiana, and the alleged fraud occurred in Indiana, Indiana has a far greater interest than Illinois in resolving this litigation, and a far more significant relationship to the controversy. *See Info Techs. Int'l, Inc. v. ITI of N. Fla., Inc.*, 2001 WL 1516750, at *10 (N.D. Ill. Nov. 28, 2001) (state where misconduct and alleged breach of contract occurred has greater interest in the litigation). The court recognizes that the two individual plaintiffs reside in Illinois. But they chose to build an apartment complex in Indiana and formed limited liability companies in Indiana for the purpose of conducting that real estate business, thus making Indiana the locus of the controversy and by far the more appropriate forum for its resolution.

For these reasons, Defendants' motion to transfer is granted, and this matter is transferred to the Southern District of Indiana.

June 21, 2011

United States District Judge